| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------X<br>THOMAS M. FLOHR d/b/a EMERGING<br>MARKETS GROUP<br>      Plaintiffs,<br><br>  -against-<br><br>INTERNATIONAL BUSINESS<br>ASSOCIATES, LTD<br>      First Defendant<br><br>INTERNATIONAL BUSINESS ASSOCI-<br>ATES HOLDINGS CO., LTD, INTER-<br>NATIONAL BUSINESS ASSOCIATES<br>(USA), INC, JOHN KEAN, JR, and<br>STANLEY J. BROWNELL<br>      Second Defendants<br><br>HARKEN ENERGY CORPORATION<br>      Third Defendant<br>-----------------------------------------------------X | Filed SDNY April 11, 2007<br><br>**COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br>FILE No: **07 CV 2920    (RWS)**<br><br>**ECF CASE** |

      Plaintiff, THOMAS M. FLOHR, d/b/a EMERGING MARKETS GROUP ("Plaintiff" or "EMG"), by their attorneys Law Offices Joel Z. Robinson & Co, avers as follows as its Complaint ("Complaint") against INTERNATIONAL BUSINESS ASSOCIATES, LTD First Defendant , ("Company") and INTERNATIONAL BUSINESS ASSOCIATES HOLDINGS CO., LTD,("IBAH") INTERNATIONAL BUSINESS ASSOCIATES (USA), INC, ("IBA USA") JOHN KEAN, JR., ("Mr. Kean, Jr.") and STANLEY J. BROWNELL ("Mr. Brownell") ("Second Defendants"), and HARKEN ENERGY CORPORATION ("Harken") , the Third Defendant, ("Third Defendant" and together with Second Defendants "Indemnitors ") either jointly or severally, alleges upon personal knowledge for its own acts and upon information and

belief with respect to all other matters, as follows:

## PARTIES

1.  EMG's principal place of business is located at 84 Warwick Road, Bronxville, New York 10708. At all relevant times throughout, EMG has acted as a facilitator for hire, and a finder and broker, as permitted by law.

2.  Upon information and belief, the Company is an exempt Turks and Caicos company and has its principal place of business in the United States at 35 Mill Street, P.O. Box 444, Bernardsville, N.J. 07924.

3.  Upon information and belief, IBAH is a British Virgin Islands' company and has its principal place of business in the United States care of Harken at 180 State Street, Southlake, Texas, 76092.

4.  Upon information and belief, IBA USA is a Delaware corporation with its principal place of business at 35 Mill Street, P.O. Box 444, Bernardsville, N.J. 07924.

5.  Upon information and belief, Mr. Kean Jr. is a citizen and resident of the State of New Jersey with a place of business at 40 Mountain Top Road, Bernardsville, N.J. 07924.

6.  Upon information and belief, Mr. Brownell is a citizen and resident of the State of New Jersey with a place of business at P.O. Box 314, 18 Old Turnpike Road, Oldwich, N.J. 08858.

7.  Upon information and belief, Harken is a Delaware corporation and has its principal place of business at 180 State Street, Southlake, Texas, 76092.

## JURISDICTION AND VENUE

8.  The Court has jurisdiction over the subject matter of the within and foregoing claims asserted herein under 28 U.S.C. §§ 1332. The Plaintiff is a citizen of New York and the

Defendants are either citizens of foreign countries or states in the United States other than New York and the amount in controversy exceeds U.S.$75,000 exclusive of interest and costs.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (a), (b), (c) and (d). The First and Second Defendants are either aliens or residents of states other than New York, and the acts complained of herein, inter alia, were performed and accomplished in the course of interstate commerce. The parties undertook negotiations in New York and entered into, or are bound by, an agreement which contains a clause consenting to jurisdiction in New York and service of process of this state.

### FACTS COMMON TO ALL CLAIMS

#### Relevant Agreements

10. On or before September 8, 2004, the First and Second Defendants requested that EMG provide services for and on behalf of them and each of them.

11. Thereafter, on September 8, 2004, EMG and First Defendant, acting on its own behalf and on behalf of each and every Second Defendant, jointly and severally, entered into an agreement entitled "Fee Agreement", a copy of which, (together with a final draft of the Letter of Intent dated as of August 10, 2004 referred to in the Fee Agreement), is set out in Exhibit A attached hereto, ("Fee Agreement") whereby EMG agreed to act as a broker, finder, and perform other certain services for and on behalf of the First and Second Defendants, for which EMG was to receive certain brokers', finders', and other fees for the services provided, as more particularly set out therein.

12. Thereafter, and acting in furtherance thereof, on or about January 31, 2006, the First and Second Defendants entered into a Redemption and Release Agreement, a copy of which is set out

in Exhibit B attached hereto ("Redemption Agreement") in which a redemption and release of the shares referred to in the Fee Agreement was consummated. In the Redemption Agreement, (paragraphs 2.1 and 3.1 respectively) each of the First, Second and Third Defendants agreed to indemnify each other, jointly and severally, for every and all claims made upon any and all of them.

13.     In the Series A Redeemable Stock Subscription Agreement dated as of September 10, 2004 (paragraph 9.4, at page 13, entitled Brokers), an Execution Copy of which was filed with the Securities and Exchange Commission, and a copy thereof of which is attached hereto as Exhibit C, the following was set forth:

> "9.4 Brokers. Other than with respect to Tom Flohr d/b/a/ [EMG], whose commission is to be paid for by [First Defendant] as described by the letter agreement identified on Exhibit C (a copy of which letter agreement has previously been delivered to the purchaser, IBA, [Mr. Kean, Jr, Mr. Brownell and IBAH] (i) represent and warrant to the other parties hereto that he or it has not retained a finder or broker that is entitled to a commission in connection with the transactions contemplated by this Agreement, and (ii) will indemnify and save the other parties harmless from and against any and all claims, liabilities, or obligations with respect to brokerage or finders' fees or commissions, or consulting fees in connection with the transactions contemplated by this Agreement asserted by any person on the basis of any statement or representation alleged to have been made by such indemnifying party."

14.     By January 31, 2006 or thereafter, EMG had provided services as required in accordance with the Fee Agreement, and all conditions required for a payment of a fee relating thereto have been fulfilled. The amount of stock redeemed at that time was US$7,500,000.00.

15.     Pursuant to the Fee Agreement, the fee due to be paid to EMG under the Fee Agreement upon the redemption of the stock referred to above amounts to $176,250.00.

16.     Thereafter, EMG demanded payment of the amount due under the Fee Agreement, but none of the payment due has been made. A copy of the Demand is attached hereto as Exhibit D.

17. On or about February 14, 2007, EMG again demanded payment of the fee due under the Fee Agreement.

18. In response thereto, on or about February 14, 2007, First and Second Defendants acknowledged that moneys were due and payable.

19. Thereafter, on or about January 26, 2007, Mr. Kean Jr, who had executed the Fee Agreement on behalf of the First and Second Defendants, acknowledged that moneys were due and payable and sent an email to other Second Defendants and Third Defendant demanding that First, Second and Third Defendants make payment to EMG for the Fees sought herein. A copy of the email is attached as Exhibit E.

20. There is no dispute that the moneys due to EMG under the fee Agreement are payable. In addition to the claims made herein, and for the avoidance of doubt, EMG has not been informed or advised as to any other debt that may be due it under the arrangement set out herein, and specifically reserves the right to seek any and all additional moneys in the event that other moneys are, or become, due and payable under the Fee Agreement or otherwise arising out of the arrangement set out herein.

### FIRST COUNT AGAINST FIRST DEFENDANT
(Breach of Contract)

21. EMG hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 20 of this Complaint.

22. Under the Fee Agreement, First Defendant agreed to pay the moneys set forth in more particularity above, no part of which has been paid although payment thereof has been demanded.

23. The failure to pay the moneys under the Fee Agreement is a breach of the Fee Agreement.

## FIRST COUNT AGAINST SECOND DEFENDANTS
(Breach of Contract)

24. EMG hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 23 of this Complaint.

25. In entering into the Fee Agreement, First Defendant was acting on behalf of each and every one of the Second Defendants either as agent or otherwise.

26. Under the Fee Agreement, First Defendant, acting on behalf of each and every one of the Second Defendants, agreed to pay the moneys set forth above, no part of which has been paid although payment thereof has been demanded.

27. The failure to pay the moneys under the Fee Agreement is a breach of the Fee Agreement.

## FIRST COUNT AGAINST FIRST AND SECOND DEFENDANTS
(Quantum Meruit)

28. EMG hereby realleges and incorporates herein the allegations set forth in paragraphs 1 through 27 of this Complaint.

29. Prior to September 2004, EMG has performed certain work, labor, and services for the First Defendant of the nature set out herein, and First and Second Defendants, jointly and severally promised and agreed to pay EMG a reasonable sum for the services provided.

30. The services provided are reasonably worth the amount of US$400,000.00.

31. Part payment of $100,000 was made to EMG by the Defendants and no part of the amount of $176,250.00 to be paid on the redemption of the $7,500,000 of preferred stock has been paid to EMG by any of the First and Second Defendants.