UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
THOMAS M. FLOHR d/b/a EMERGING                :
MARKETS GROUP                                 :
       Plaintiffs,                            :
                                             :
                                             :
  -against-                                :
                                             :
                                             :
INTERNATIONAL BUSINESS                        :
ASSOCIATES, LTD                               :
     First Defendant                        :
                                             :
INTERNATIONAL BUSINESS ASSOCI-                :
ATES HOLDINGS CO., LTD, INTER-                :
NATIONAL BUSINESS ASSOCIATES                  :
(USA), INC, JOHN KEAN, JR, and                :    FILE No: **07 CV 2920    (RWS)**
STANLEY J. BROWNELL                           :
    Second Defendants                       :    **ECF CASE**
                                             :
HARKEN ENERGY CORPORATION                     :
    Third Defendant                         :
                                             :
-----------------------------------------------X


**BRIEF IN OPPOSITION TO FIRST AND SECOND DEFENDANTS'
MOTION TO DISMISS COMPLAINT
AND TO COMPEL ARBITRATION etc**


**LAW OFFICES
JOEL Z. ROBINSON & CO.
50 Broadway, Suite 2202
New York, NY, 10004-1674
(212) 791-7360
Attorney for Plaintiffs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

THOMAS M. FLOHR d/b/a EMERGING      :
MARKETS GROUP
        Plaintiffs,                        :

     -against-                                   :

INTERNATIONAL BUSINESS              :
ASSOCIATES, LTD
       First Defendant                   :

                              :

INTERNATIONAL BUSINESS ASSOCI-      :
ATES HOLDINGS CO., LTD, INTER-
NATIONAL BUSINESS ASSOCIATES        :
(USA), INC, JOHN KEAN, JR, and      :
STANLEY J. BROWNELL                 :
       Second Defendants

HARKEN ENERGY CORPORATION           :
       Third Defendant                   :

---------------------------------------------------X

**OPPOSITION TO FIRST & SECOND DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION & ETC.**

FILE No: **07 CV 2920    (RWS)**

**ECF CASE**

     Plaintiff, THOMAS M. FLOHR, d/b/a EMERGING MARKETS GROUP ("Plaintiff" or "EMG"), by their attorneys Law Offices Joel Z. Robinson & Co, respectfully submit this Opposition to the Defendants' INTERNATIONAL BUSINESS ASSOCIATES, LTD First Defendant , ("Company")  and INTERNATIONAL BUSINESS ASSOCIATES HOLD-INGS CO., LTD,("IBAH")  INTERNATIONAL BUSINESS ASSOCIATES (USA), INC, ("IBA USA")  JOHN KEAN, JR., ("Mr. Kean, Jr.") and STANLEY J. BROWNELL ("Mr. Brownell") ("Second Defendants"),  Motion to Dismiss Complaint and to Compel Plaintiff to Arbitrate his claims pursuant to the parties' agreement to submit all such disputes to binding arbitration or in the alternative to stay this matter pending arbitration ("Defs Memo") dated May 17, 2007.

-1-

## COMPANY PRESENTS NO EVIDENCE OF A DISPUTE REQUIRING ARBITRATION

Plaintiff seeks the payment of an amount due by Defendants under a Fee Agreement for services rendered. Based on the evidence presented to date, Plaintiff's fee note has not been contested since its presentation early last year. Obviously, legal proceedings to enforce payment due under contracts that contain agreements to arbitrate are permitted if there is no dispute. See e.g. *D.H. Blair & Co., Inc v. Gottdienner* 462 F.3d 95, 104 (2nd Cir.2006).

Defendants' Memorandum misses the one important ingredient required for any arbitration; *viz,* that the basis of a dispute exists. The only reference to the existence of a "dispute" is a statement contained on page 2 of the Memo as follows:

> The defendants have failed to pay the fees claimed by plaintiff, thus giving rise to this disputed matter. Defendants deny the plaintiff is due the amounts claimed."

The Memorandum contains no evidence that a dispute exists. Defendants submit no affidavits. This enforcement action was commenced against the debtor (Company) and the Second Defendant indemnitors, precisely because the Company's President and CEO, Mr Kean, acknowledged that there was *no* dispute as to the amount of fees due and payable in an email he sent to the Plaintiff on January 26, 2007, a copy of which was attached to the Complaint (Exhibit E). The email stated as follows:

> "I received a call from [Plaintiff] regarding the outstanding fee due to his company in connection with the redemption that took place last year.

> Pursuant to the redemption agreement I believe Harken is responsible for any fees due to [Plaintiff]. Therefore, I am hereby forwarding this invoice to Harken for payment. *Please consider this letter as [Company's] formal request for you to promptly settle the outstanding invoice and forward the payment to [Plaintiff] in accordance with the instructions enclosed therein.*

> Thank you for your prompt attention to this matter." (emphasis added)

While the Defendants' may now wish that an unidentified "dispute" now exists more than one year after the moneys are due and payable, a bald statement that a dispute exists, without more, does not rise to the level of a dispute particularly after the President and CEO of the debtor, has already conceded that the Fee note is to be paid! Defendants have failed to specify the basis for the dispute because, in reality, there is no evidence that any dispute exists.

The claim that there is a dispute is, therefore, nothing more than a delaying tactic.

<u>COURT DETERMINES IF A DISPUTE REQUIRING ARBITRATION EXISTS</u>

While the law is overwhelming supportive of arbitration when parties so agree and a dispute exists (see, e.g. the cases cited in Defendants' Memo), the law is also clear that it is for the courts to determine if an issue reaches the level of a dispute requiring arbitration. As has been frequently noted in this district, the District Court must assess whether the asserted claim falls within the scope of the arbitration agreement. *See e.g. Tarulli v. Circuit City Stores, Inc* 333 F.Supp.2d 151 (S.D.N.Y.2004) at 155. Where there is no basis for the dispute, it is well within the courts power to deny that a dispute requiring arbitration exists.

Because the President and CEO of the debtor has agreed to the amount of the invoice to be paid, it is obvious that the Defendants, who have failed to articulate any basis of any "dispute", are misusing the arbitration clause to delay the enforcement of payment sought in this litigation.

At least one court in another jurisdiction has held that parties are not bound to participate in an arbitration where the claim is merely for payment of an undisputed and liquidated sum of money or where no basis for the dispute is articulated. Attempts to create a dispute over a

liquidated sum after a suit has been filed should not be permitted to divest a court of jurisdiction, even if the parties have agreed to an arbitration. *See e.g. Colorado Real Estate & Dev., Inc v. Sternberg*, 433 P.2d 341, 343 (Colo. 1967).

Plaintiff has been denied payment of its fee for more than a year. Because Defendants have failed to provide this court with any evidential basis for its claim that a dispute exist, their motion should be denied and this action should be permitted to proceed.

<u>INDEMNITORS HAVE PRESENTED NO BASIS OF "DISPUTE" WITH PLAINTIFF.</u>

In addition, the Indemnitors (the Second Defendants) have also failed to articulated the basis of their supposed "dispute" with the Plaintiff. The agreements set forth in the pleadings are clear and unless the Defendants can present a basis for their claim as to the dispute, the Court should permit this enforcement action to proceed for the amount sought against all served Defendants.

<u>PROPOSED ORDER SUBMITTED</u>

A proposed Order is attached and has been filed herewith.

Respectfully submitted

Dated: New York, New York
      June 1, 2007

LAW OFFICES
JOEL Z. ROBINSON & CO.
by:
<u>s/Joel Z. Robinson</u>

Joel Z. Robinson
Attorney for Plaintiffs
50 Broadway, Suite 2202
New York, NY, 10004-1674
(212) 791-7360

-4-

To:    Peter J. Pizzi, Esq
      Connell Foley LLP
      888 Seventh Ave
      New York, NY 10106
      Tel: (212) 262 2390
      Attorneys for Defendants
      International Business Associates, Ltd
      International Business Associates Holdings Co., Ltd,
      International Business Associates (USA), Inc,
      John Kean, Jr.,  and Stanley J. Brownell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

THOMAS M. FLOHR d/b/a EMERGING       :
MARKETS GROUP
               Plaintiffs,                              :

                               :

    -against-                                        :

                               :

INTERNATIONAL BUSINESS                       :
ASSOCIATES, LTD
            First Defendant                      :

                               :

INTERNATIONAL BUSINESS ASSOCI-          :
ATES HOLDINGS CO., LTD, INTER-
NATIONAL BUSINESS ASSOCIATES           :
(USA), INC, JOHN KEAN, JR, and            :        **FILE No: 07 CV 2920     (RWS)**
STANLEY J. BROWNELL                          :
          Second Defendants                 :        **ECF CASE**

                               :

HARKEN ENERGY CORPORATION               :
           Third Defendant                    :

                               :
---------------------------------------------------X

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

      THIS MATTER having come before the Court by motion of the defendants, International

Business Associates, Ltd., International Business Associates Holdings Co., Ltd., International

Business Associates (USA), Inc., John Kean, Jr., and Stanley J. Brownell, for an Order

dismissing the Complaint and compelling the plaintiff to arbitrate his claims pursuant to the

parties' agreement to submit all such disputes to binding arbitration or, in the alternative, to stay

the action pending arbitration, and the Court having considered the moving papers and

opposition papers, and having heard oral argument, and for good cause not having been shown,

      IT IS on this           day of       , 2007,

ORDERED that the motion of defendants International Business Associates, Ltd.,

International Business Associates Holdings Co., Ltd., International Business Associates (USA),

Inc., John Kean, Jr., and Stanley J. Brownell to dismiss the within action is DENIED in every

respect;

ORDERED that the within Order be served on counsel for Defendants within       days

of the date of this Order.


_____

HON. ROBERT W. SWEET, U.S.D.J.

-2-