UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
THOMAS M. FLOHR d/b/a EMERGING       :
MARKETS GROUP                        :
                        Plaintiff,    :
                                                    :
                   - against -          :   **No. 07 CV 2920 (RWS)**
                                         :
INTERNATIONAL BUSINESS ASSOCIATES, LTD,  :   **ECF CASE**
INTERNATIONAL BUSINESS ASSOCIATES        :
HOLDINGS CO., LTD, INTERNATIONAL BUSINESS :
ASSOCIATES (USA), INC, JOHN KEAN, JR and :
STANLEY J. BROWNELL, HARKEN ENERGY        :
CORPORATION,                              :
                       Defendants.   :
----------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND COMPEL ARBITRATION**

      Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint and to compel arbitration.

## ARGUMENT

      Plaintiff does not dispute that there is a binding arbitration clause in his contract, nor deny that this clause would cover any dispute relating to the finders fee he seeks. Instead, he argues that there is no "dispute" and, thus, nothing to arbitrate. For three reasons, plaintiff is wrong:

      *First,* there most certainly is a dispute here. The Fee Agreement upon which plaintiff sues (and which contains the arbitration clause in question) provided for the finders fee to be paid in installments and subject to certain conditions. There was an up-front $100,000 payment (which was duly paid and is not in dispute) and a $300,000 fee amortized as the investment (the "Series A Preferred Shares") was redeemed by defendant International Business Associates Ltd.

("IBA").  *See* Complaint, Ex. A, ¶ 2 & the accompanying Reply Declaration of Elmer A. Johnston, ¶ 2.[1]  A "Letter of Intent," attached to the Fee Agreement and expressly referred to in that Agreement's opening recital, described this redemption process.  In particular, paragraph 3 of the Letter of Intent specified that the redemption would occur on a given schedule "[o]nce IBA's annual after tax income reaches $2 million …."

Unfortunately for all involved, IBA was not a business success, never attained "annual after tax income" of $2 million, and never redeemed the Series A Preferred Shares from its earnings as the Letter of Intent anticipated.  *See* Declaration of Elmer A. Johnston, ¶ 3.  Instead, about eighteen months later, the investor (Harken Energy Corporation) and IBA agreed to end their business arrangement.  *Id.*  In a Redemption and Release Agreement dated January 31, 2006, IBA returned what was left of the investment (by then, $7.5 million) to a subsidiary of Harken.  *See* Complaint, Ex. B.  Plaintiff took the position, then and now, that this return of the investment triggered liability for the remainder of his finders' fee; defendants maintained that no further payments were due because any further fees were conditioned upon IBA making redemptions of the Series A Preferred Shares from IBA's earnings as described in the Letter of Intent, which did not materialize.  In other words, by conditioning the installments of his finders' fee upon the redemption of the Series A Preferred Shares as described in the Letter of Intent, plaintiff shared both the benefits and risks of the business deal he had put together.

There may, of course, be two side to this dispute, but there obviously is a "dispute." Because the parties' Fee Agreement stipulated that "[a]ny disputes under this agreement will be resolved by arbitration …," the matter must be sent to arbitration.

---

[1] Because Mr. Johnston is traveling outside of the United States this week, his reply declaration is in facsimile form.  We will substitute a non-facsimile copy of this reply declaration upon Mr. Johnston's return to the United States next week.

*Second*, this is not, as plaintiff claims (Plaintiffs. Opp. at 3), a suit upon a note for a undisputed debt and liquidated sum. There is no note here, and defendants do indeed dispute that they owe this amount to plaintiff.

*Third*, the factual centerpiece of plaintiff's argument is incorrect. Plaintiff cites an e-mail from defendant John Kean, Jr. (Ex. E to the Complaint) to Harken Energy as an admission of liability that moots the case. Plaintiffs. Opp. at 3. But the e-mail does not say this. Instead, Mr. Kean was making a different point, namely, that Harken Energy was obligated to indemnify his company for any liability to plaintiffs and, thus, Harken should deal directly with plaintiff's invoice. *See* Reply Declaration of Elmer A. Johnston, ¶ 3. For that reason, Mr. Kean wrote that "I believe Harken is responsible for *any fees* due to Thom [Flohr]" [emphasis added] and went on to ask Harken to settle the invoice. Kean did not, as plaintiff argues, "concede[] that the Fee note is to be paid," "agree to the amount of the invoice to be paid" or acknowledge "an undisputed and liquidated sum of money." *Id*. Plaintiff has mischaracterized Kean's isolated e-mail and taken it out of context. Indeed, what plaintiff's arguments reveal is just another aspect of the underlying "dispute" here.[2]

---

[2] Plaintiffs' reliance on the 1967 decision of a Colorado state court in *Colorado Real Estate & Dev., Inc. v. Sternberg*, 433 P.2d 341, 343 (Colo. 1967), is misplaced, if only because the parties there stipulated that their dispute would not be arbitrable if the court concluded (as it did) that their dispute was only about the moneys remaining due under a contract. Although plaintiffs also cite *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006), we do not see the relevance of the case.

3

Dated: New York, New York
       June 8, 2007

                        JONES DAY

By:     s/ Geoffrey Stewart_____
       Geoffrey S. Stewart (GS-5413)
       Andrew J. Sockol (AS-5771)
       222 East 41st Street
       New York, New York  10017
       Tel: (212) 326-3939
       Fax: (212) 755-7306
       Counsel for Defendants

# CERTIFICATE OF SERVICE

ANDREW J. SOCKOL declares pursuant to 28 U.S.C. § 1746 that:

1. I am an associate with the firm of Jones Day, attorneys for Defendants.

2. On June 8, 2007 I caused service of true and correct copies of the within Reply Memorandum of Law and Reply Declaration of Elmer A. Johnston to be made via ECF filing and U.S. Mail to:

> Joel Z. Robinson
> Law Offices of Joel Z. Robinson & Co.
> 50 Broadway, Suite 2202
> New York, NY 10004-1674
>
> Peter J. Pizzi
> Connell Foley, LLP
> 888 Seventh Avenue
> New York, NY 10106

3. I declare under penalties of perjury that the foregoing is true and correct.

Dated: New York, New York
June 8, 2007

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s Andrew J. Sockol _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Andrew J. Sockol